# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Blaine Thomas, et al., <br><br> Plaintiffs, <br> v. <br><br> Jose Angel Fuentes, et al., <br><br> Defendants. | C/A: 9:25-cv-10843-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 8) of the Magistrate Judge recommending that the Court dismiss Plaintiffs' complaint and deny Plaintiffs' petition for emergency injunctive relief. For the reasons set forth below, the Court adopts the R&R as the order of the Court, dismisses Plaintiff's complaint, and denies Plaintiffs' request for injunctive relief.

## I. Background and Relevant Facts

Plaintiffs are Blaine Thomas, Joan Thomas, and R.T., minor child by next friend. Plaintiffs sue Beaufort County Magistrate Judge Jose Angel Fuentes, the Sheriff of Beaufort County, and Q New River Forest Holdings, LLC over a writ of ejectment Judge Fuentes allegedly issued against Plaintiffs in favor of Q New River Forest Holdings. Plaintiffs bring this action seeking an order declaring Defendants' actions violate the Civil Rights Act of 1866 and the United States Constitution and "enjoining execution of the writ of ejectment." (Dkt. No. 8 at 2).

The Magistrate Judge issued a detailed, fifteen-page R&R, explaining why Plaintiffs' complaint must be dismissed. (Dkt. No. 8).

Plaintiffs did not file objections to the R&R.

## II. Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is review for clear error.

**III.     Discussion**

After a review of the record and the Magistrate Judge's detailed 15-page R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiffs' complaint must be dismissed. As detailed at greater length therein, numerous issues doom Plaintiffs' complaint—some of which the Court repeats here. For example, Mr. and Mrs. Thomas, proceeding pro se, cannot bring this action as "next friends" on behalf of their child. (Dkt. No. 8

at 4-5) (noting that federal courts "do not allow pro se litigants to represent others, even parents, guardians, or next friends seeking to appear pro se on behalf of a minor child"). Further, the 1886 Act concerns "purposeful race-based discrimination," which is not what this action involves. (*Id.* at 6). And, even construing Plaintiffs' allegations under § 1983, Plaintiffs' claims fail. Defendant Q New River Forest Holdings, LLC is not allegedly plausibly to be a state actor, Judge Fuentes is entitled to absolute judicial immunity, and Plaintiff has not adequately alleged a claim against the Sheriff of Beaufort County because he is alleged to have acted "pursuant to a facially valid writ of ejectment" (*Id.* at 9-10) ("To rule otherwise would require this Court to adopt the frivolous suggestion that law enforcement officers have the authority and responsibility to second-guess the constitutionality of facially valid court orders, and the professional direction of the judges who issue them."); *see also* (*Id.* at 10-15) (detailing other reasons for dismissing Plaintiffs' complaint, such as the Anti-Injunction Act and the *Rooker-Feldman* doctrine). Accordingly, Plaintiffs' complaint is subject to dismissal.

### IV.    Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of the Court and **DISMISSES** the instant action without leave to amend. Plaintiffs' motion for preliminary injunction is likewise **DENIED** (Dkt. No. 3).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

September 22, 2025
Charleston, South Carolina